IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

Plaintiff,

vs.

NURSE MIKKA, Reception Treatment
Center, in his individual compacity; NURSE
JENIFER, Reception Treatment Center, in
her individual compacity; NURSE
SANTIOGO, Reception Treatment Center, in
his individual compacity; LORI DECOSTER,
Nurse, Reception Treatment Center, in her
individual compacity; and KIM ISEBEL,
Lead Nurse of RTC NDCS Mental Health;

Defendants.

8:24CV365

MEMORANDUM AND ORDER

This matter is before the Court on its own motion.  On October 17, 2024, the Court required Plaintiff Austin Edward Lightfeather to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action.  Filing No. 10.  The Court has previously determined that three or more federal cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim. *See, e.g.*, *Lightfeather v. McSwine*, No. 8:22-cv-00238-JFB-PRSE (D. Neb.) (Filing No. 11, finding Plaintiff has "three strikes" and dismissing complaint pursuant to 28 U.S.C. §1915(g)).  The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

To date, Plaintiff has not filed a response to the Court's order to show cause nor has he paid the Court's $405.00 filing and administrative fees despite the Court's

warning that failure to take either action would result in dismissal of this case. The Court also has considered Plaintiff's Complaint, Filing No. 1, and supplements, Filing Nos. 6, 7, 8, & 9, and finds his allegations fail to establish a threat of serious injury sufficient to overcome the "three strikes" bar. Liberally construed, Plaintiff's Complaint alleges the defendant nurses administered injections of Abilify to Plaintiff between June and December 2023, telling Plaintiff that he was required to receive the injections pursuant to an involuntary medication order ("IMO") when, in fact, there was no IMO in place. Plaintiff indicates, however, that he has not received the injections since December 2023. *See* Filing No. 1 at 5. Plaintiff's pleadings fail to suggest any imminent threat of serious physical injury to Plaintiff. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan."). Accordingly,

IT IS ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is denied.

2. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3. Any notice of appeal filed by Plaintiff must be accompanied by the $605.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.

Dated this 27th day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge